IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NYGEE DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>TREEHOUSE FOODS,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:23-cv-00126-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

### I. BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). On November 29, 2023, *pro se* Plaintiff Nygee Duncan (Plaintiff) filed their Complaint against Defendant Treehouse Foods (Defendant) (ECF 1). On April 3, 2024, the court issued an Order to Show Cause (Order) (ECF 4) directing Plaintiff to explain why this case should not be dismissed for failure to serve Defendant and failure to prosecute by April 17, 2024. The Order warned Plaintiff that failure to timely respond may result in dismissal of this action (*id.*). As of the date of this Report and Recommendation, Plaintiff has not responded to the Order, served Defendant, or taken any other action in this matter.

### II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua*

1

*sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. This matter has been pending since November 29, 2023, and the time to serve Defendant expired on February 27, 2024. Plaintiff failed to comply with the Order's directive to explain the reason for their failure to timely serve Defendant and failure to prosecute this case (ECF 4). Plaintiff failed to file any response to the Order despite a clear warning from the court that this case could be dismissed for failure to timely respond. Moreover, none of Plaintiff's prior filings provide any reason for the delay in serving Defendant or any basis to support a finding of good cause to extend the time for service. *See* Fed. R. Civ. P. 4(m). Plaintiff's failure to move this matter along interferes with the judicial process, and their culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be little to no actual prejudice to Defendant where it has not yet been

served. In consideration of these factors and given that Plaintiff's failure to prosecute is coupled with a failure to abide by the court's Order, the court finds that the circumstances in this case warrant dismissal.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case, the undersigned **RECOMMENDS** that the court **DISMISS** this case without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 November 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah